**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JEROME LEMEAL WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WENDY DUFFY, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-06921-BLF<br><br>**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915; DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>[Re: ECF 1, 9] |

Plaintiff Jerome Lemeal Williams, proceeding pro se, seeks an award of damages in the amount of ten billion dollars for alleged violations of his civil rights by multiple state superior courts and police departments, a public defender's office, a church, a hospital, individual superior court judges, and others. *See* Compl., ECF 1; Pl.'s Decl., ECF 2. On December 21, 2018, the Court granted Plaintiff's application to proceed in forma pauperis based upon Plaintiff's showing that he cannot pay the filing fees necessary to pursue the action. *See* Order Granting IFP Application, ECF 8. The Court indicated that it would conduct the initial screening of Plaintiff's complaint required by 28 U.S.C. § 1915 as soon as was practicable. *See id.* The Court has conducted the initial screening, and for the reasons discussed below Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

On December 31, 2018, Plaintiff filed a "Notice and Motion for Emergency TRO, Order to Show Cause Re: Preliminary Injunction, Amend Claim and Declaration." *See* ECF 9. On January

1, 2018, Plaintiff filed a second document titled "Notice and Motion for Emergency TRO, Order to Show Cause Re: Preliminary Injunction, Amend Claim and Declaration." *See* ECF 10. For the reasons discussed below, Plaintiff's motion for a temporary restraining order ("TRO"), and for an Order to Show Cause Re: Preliminary Injunction, is DENIED. To the extent that Plaintiff seeks to amend his claims, leave to amend is granted in connection with the dismissal of the complaint.

## I. SCREENING OF COMPLAINT UNDER 28 U.S.C. § 1915

### A. Legal Standard

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review by the Court. *See* 28 U.S.C. § 1915(e)(2). The Court *must* dismiss the complaint if it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In this context, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Discussion

Plaintiff's complaint is subject to dismissal under these standards. Plaintiff's complaint, and accompanying declaration, are difficult to understand. *See* Compl., ECF 1; Pl.'s Decl., ECF 2. Neither document contains labeled claims, and the allegations set forth in the documents are disjointed and hard to follow. Plaintiff's claims appear to be based in part on his conviction for rape, which Plaintiff alleges was unjust because the public defender's office refused to represent him, the alleged victims lied, and the rape kits came back negative. Pl.'s Decl. at 4, ECF 2. He sues Judge Wendy Duffy, who presided over Plaintiff's rape trial, as well as the public defender's office. *Id.*

Other claims appear to be based on the conduct of Child Protective Services, which

2

1 allegedly removed Plaintiff's children from his custody and performed a rape examination on his
2 oldest daughter without parental consent. Pl.'s Decl. at 6, ECF 2. Plaintiff also refers to the
3 mental illness and disappearance of Clara L. Quarels, who appears to be the mother of at least one
4 of Plaintiff's children. Pl.'s Decl. at 2-3, ECF 2. Plaintiff also lists jobs from which he was fired,
5 and he describes the over-medication of his grandfather. Pl.'s Decl. at 6, ECF 2.

These allegations do not set forth any coherent claims. Accordingly, the complaint is subject to dismissal under Rule 12(b)(6). Moreover, to the extent that Plaintiff sues Judge Duffy for the manner in which she conducted Plaintiff's rape trial, Judge Duffy is immune from suit. "A judge enjoys total immunity from suit for her actions except in two instances: when the judge's actions are nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, or when the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction." *Wright-Bolton v. Andress-Tobiasson*, 696 F. App'x 258, 259 (9th Cir. 2017) (internal quotation marks, citations, and alterations omitted).

Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

If Plaintiff chooses to amend, he should identify each claim and set forth facts supporting that claim in as clear a manner as possible. To the extent Plaintiff is seeking to assert civil rights violations under 42 U.S.C. § 1983, he "must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The Court is unable to discern any other possible federal or state law claims Plaintiff may be attempting to raise.

## II. MOTION FOR TRO AND FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

### A. Legal Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

**B.  Discussion**

Plaintiff seeks a TRO, and an Order to Show Cause Re: Preliminary Injunction, to obtain the following relief:

1. File emergency restraining order against Monterey County (Local Government) in order to stop any and all excessive legalities against my children, their mothers and myself.

2. Ask for the court to grant me access to all my personal, medical, legal documents pertaining to claim filed against Monterey County and its Local Government.

3. Request postponement of eviction of Melissa Menchaca the mother of my daughter, for it has been done in retaliation for being the only person in the world trying to help me first with my Wrongful Conviction and also in 2017 while my three young children and their mother were being denied their civil and human rights from the County of Monterey and Every county and state department designed for the safety of children, woman and disabled adults.

4. Ask for CPS to release records of any and all complete reports regarding my children, including DW (18), AW(11), RW(8), JW(8), AMW(7).

Notice of Motion and Motion for Emergency TRO at 6, ECF 9.

In light of the Court's determination that Plaintiff's complaint fails to state a claim, he cannot establish that he is likely to succeed or that there are serious questions going to the merits of his claims. Having reached this conclusion, the Court need not reach the remainder of the *Winter* factors. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits, or questions

4

serious enough to require litigation." (internal quotation marks and citation omitted)).

Plaintiff's motion for a TRO is DENIED. Plaintiff's motion for an Order to Show Cause Re: Preliminary Injunction, which is based on the identical grounds as the motion for TRO, likewise is DENIED.

**III. ORDER**

(1) Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

(2) Any amended pleading shall be filed on or before January 24, 2019. Leave to amend is limited to the claims and parties alleged in the original complaint. Plaintiff may not add claims or parties without obtaining prior leave of the Court.

(3) Plaintiff's motion for a TRO, and for an Order to Show Cause Re: Preliminary Injunction, is DENIED.

Dated: January 3, 2019

BETH LABSON FREEMAN
United States District Judge

5