UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEROME LEMEAL WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>WENDY DUFFY, et al.,<br><br>    Defendants. | Case No. 18-cv-06921-BLF<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE AUDIO AND VIDEO FILES IN SUPPORT OF FIRST AMENDED COMPLAINT; SCREENING FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915; DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION WITH PREJUDICE**<br><br>[Re: ECF 13, 14] |

    Plaintiff Jerome Lemeal Williams, proceeding pro se, filed the complaint in this action on November 15, 2018 along with an application to proceed in forma pauperis. *See* ECF 1, 4. The Court granted Plaintiff's application to proceed in forma pauperis and conducted a mandatory initial screening of the complaint under 28 U.S.C. § 1915. *See* ECF 8, 11. The Court dismissed the complaint with leave to amend, stating that it could not discern any coherent claim from Plaintiff's allegations, which touched on a wide variety of subjects including Plaintiff's conviction for rape, removal of Plaintiff's children from his custody, the mental illness and disappearance of an individual named Clara L. Quarels, Plaintiff's termination from employment, and the over-medication of Plaintiff's grandfather. *See* ECF 11.

    On January 24, 2019, Plaintiff timely filed a first amended complaint ("FAC"), a declaration in support of the FAC, and an administrative motion for leave to file audio and video files in support of the FAC. *See* ECF 13, 14, 16. For the reasons discussed below, the administrative motion is DENIED, the FAC is DISMISSED WITHOUT LEAVE TO AMEND, and the action is DISMISSED WITH PREJUDICE.

## I. DISCUSSION

As set forth in the Court's prior order screening Plaintiff's original complaint, any complaint filed by a person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review by the Court. *See* 28 U.S.C. § 1915(e)(2). The Court *must* dismiss the complaint if it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In this context, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's FAC must be dismissed under these standards. In reaching this conclusion, the Court has considered the facts alleged in both the FAC and in Plaintiff's supporting declaration. Those facts simply do not state any coherent claim. The Court notes that Plaintiff has filed an administrative motion seeking leave to submit audio and video files in support of his FAC. That motion is DENIED. Plaintiff must allege facts in his written pleading which, if proved, would entitle him to relief. The contents of the audio and video files are not relevant to the Court's determination whether Plaintiff has satisfied his pleading burden.

Plaintiff's FAC contains little in the way of factual allegations, for the most part directing the reader to Plaintiff's declaration for the relevant facts. The FAC does list 20 defendants, both individuals and entities, and does state that Plaintiff sues under 42 U.S.C. § 1983. Under the "Basis for Jurisdiction" section of the FAC, Plaintiff alleges that Monterey County "used its peace officers to bully, harass, and deprive private citizens of their civil liberties." FAC at 3, ECF 13. Neither the FAC nor the supporting declaration explain how or when Monterey County peace officers engaged in such conduct. The declaration contains numerous references to the Seaside Police Department, describing an "altercation" between Plaintiff and Seaside Police Officers in 2000, Decl. ¶ 3; Plaintiff's arrest in 2011 "for four different felonies about my registration and

being around kids," Decl. ¶¶ 13-14; and a conversation between Plaintiff and Seaside Police Officer Higgins in 2017 in which Officer Higgins allegedly mentioned Plaintiff's rape conviction and stated that Plaintiff would not see his children again until they turn 18, Decl. ¶¶ 44. Plaintiff does not explain how these interactions violated his civil rights so as to give rise to a claim under 42 U.S.C. § 1983.

The declaration as a whole, which comprises 62 paragraphs, describes in narrative fashion various events in Plaintiff's life during the period 2000 to 2018. The recitation of events is disjointed – little or no context is given with respect to many of the events, and the relationship of the events to each other is unclear. Plaintiff appears to believe that he was treated unfairly by numerous persons during this time period, including: judges and lawyers involved in several criminal prosecutions against him; social services personnel who removed his children from his custody; hospital staff; school district personnel; and church personnel. *See* Decl. ¶¶ 3-62.

Even applying the most liberal of standards to the FAC and declaration, the Court cannot discern any cognizable federal claim. Based on Plaintiff's failure to cure the deficiencies in his original complaint, and absent any indication that he could allege a viable claim if granted further leave to amend, the Court concludes that amendment would be futile. The Court therefore DISMISSES the FAC WITHOUT LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B) and DISMISSES the action WITH PREJUDICE. *See Hicks v. Rowe*, 498 F. App'x 737 (9th Cir. 2012) (affirming dismissal without leave to amend under § 1915(e)(2)(B) where complaint failed to state a claim and amendment would have been futile).

## III. ORDER

(1) Plaintiff's first amended complaint is DISMISSED WITHOUT LEAVE TO AMEND; and

(2) The action is DISMISSED WITH PREJUDICE.

Dated: February 14, 2019

_____
BETH LABSON FREEMAN
United States District Judge